**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (Cal. Bar No. 259178)
6167 Bristol Parkway
Suite 200
Culver City, California 90230
+1 310-997-0471
nick@wajdalawgroup.com
*Attorney for the Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT NEVELS,<br><br>       Plaintiff,<br><br>   v.<br><br>SETTLEMENTONE CREDIT CORPORATION,<br><br>       Defendant. | Case No. **'22 CV0529 AJB BLM**<br><br>**CLASS ACTION COMPLAINT** |

**NOW COMES** VINCENT NEVELS, individually, and on behalf of all others similarly situated, through undersigned counsel, complaining of SETTLEMENTONE CREDIT CORPORATION, as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this class action seeking redress for Defendant's violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

2. "Congress made it clear that the FCRA is designed to preserve the consumer's privacy in the information maintained by consumer reporting agencies."

1

*Cole v. U.S. Capital, Inc.*, 389 F.3d 719, 725 (7th Cir. 2004) *citing* 15 U.S.C. § 1681(a)(4).

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as the FCRA is a federal statute.

4. Venue in the Southern District of California is proper pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in this district.

## PARTIES

5. Vincent Nevels ("Plaintiff") is a natural person whom at all times relevant resided in Staten Island, New York.

6. SETTLEMENTONE CREDIT CORPORATION d/b/a SETTLEMENTONE ("Defendant") is a "nationally recognized leader providing credit and data verification solutions to U.S. banks, mortgage lenders, mortgage brokers and credit unions nationwide."[1]

7. Defendant maintains its principal place of business in San Diego, California.

## FACTUAL ALLEGATIONS

8. In December 2021, Plaintiff obtained a copy of his Trans Union credit report.

---

[1] https://www.settlementone.com/

2

9. The credit report revealed that Defendant obtained Plaintiff's credit report from Trans Union on December 10, 2021 ("credit inquiry").

10. At no point in time did Plaintiff have a business relationship with Defendant.

11. At no point in time did Plaintiff authorize Defendant to access and/or obtain his Trans Union credit report.

12. On December 27, 2021, Plaintiff sent a letter to Defendant ("first letter") advising Defendant that (1) he never authorized Defendant's credit inquiry; and (2) such unauthorized inquiry violates the FCRA.

13. The first letter also requested Defendant to (1) produce any documents that establish that Plaintiff authorized the credit and inquiry; and (2) delete the credit inquiry from his Trans Union credit report.

14. Shortly after receiving Plaintiff's letter, Defendant sent Plaintiff a response letter stating that it obtained Plaintiff's Trans Union credit report on behalf of its client Notetracker Corporate ("Notetracker").

15. At no point in time did Plaintiff have a business relationship with Notetracker.

16. At no point in time did Plaintiff authorize Notetracker to access and/or obtain his TransUnion credit report.

17. On January 24, 2022, Plaintiff sent another letter ("second letter") to Defendant again requesting that Defendant delete the credit inquiry.

18.     To date Defendant has not removed the credit inquiry from Plaintiff's Trans Union credit report.

19.     To date Defendant has not provided Plaintiff with any evidence or proof establishing that it had a permissible purpose to access and/or obtain Plaintiff's Trans Union credit report.

20.     Upon information and belief, Defendant falsely represented to Trans Union that Defendant was authorized to access and/or obtain Plaintiff's Trans Union credit report.

21.     Accordingly, Defendant obtained highly private and sensitive information concerning Plaintiff under false pretenses.

## DAMAGES

22.     Defendant's intrusive conduct resulted in significant harm to Plaintiff.

23.     Specifically, Defendant's credit inquiry is considered a "hard inquiry," which adversely impacts a consumer's credit score.[2]

24.     Accordingly, Plaintiff's credit score decreased as a result of Defendant's unauthorized "hard inquiry."

25.     Defendant's "hard inquiry" will remain on Plaintiff's Trans Union credit report for several years.

---

[2] Hard inquiries adversely impact a consumer's credit score. *"Credit Checks: What are credit inquiries and how they affect your FICO Score?"* MyFICO, https://www.myfico.com/credit-education/credit-reports/credit-checks-and-inquiries. (Last visited April 18, 2022)

4

26. Moreover, Defendant's conduct caused Plaintiff damages in the form of invasion of privacy and fear that Plaintiff may be a victim of identity theft.

27. As a result of Defendant's conduct, Plaintiff has suffered various forms of damages, including specifically: invasion of privacy; reduced credit score; mental and emotional distress; and time wasted monitoring his credit report for fraudulent account activity.

28. Concerned with the long-term impact of the "hard inquiry," Defendant retained counsel to enforce his privacy rights and compel Defendant to remove the "hard inquiry" from his Trans Union credit report.

## CLASS ALLEGATIONS

29. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

30. Upon information and belief, Defendant systematically accesses consumers' credit reports without the consumers' authorization by misrepresenting to the credit reporting agencies that Defendant has a permissible purpose under the FCRA to obtain the consumers' credit reports.

31. Defendant's systematic practice of accessing consumers' credit reports without a permissible purpose under the FCRA constitutes (a) willful and malicious violation(s) of 15 U.S.C. § 1681b(f).

5

32.     Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

> All persons within the United States (1) who have had their Trans Union credit report(s) obtained by Defendant; (2) acting on behalf of a third party; (3) within the two (2) years preceding the date of the initial complaint through the date of class certification; (4) from Trans Union; (5) without a permissible purpose prescribed by the Fair Credit Reporting Act.

33.     The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

**A.     Numerosity**

34.     Upon information and belief, the members of the Putative Class are so numerous that joinder of them is impracticable.

35.     The exact number of the members of the Putative Class is unknown to Plaintiff at this time and can only be determined through targeted discovery.

6

36. The members of the Putative Class are ascertainable because the class is defined by reference to objective criteria.

37. The members of the Putative Class are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendant.

**B.     Commonality and Predominance**

38. There are many questions of law and fact common to the claims of Plaintiff and the Putative Class, and those questions predominate over any questions that may affect individual members of the Putative Class.

**C.     Typicality**

39. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as result of Defendant's conduct.

**D.     Superiority and Manageability**

40. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

41. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

42. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

43. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**E.      Adequate Representation**

44. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

45. Plaintiff has no interests antagonistic to those of the Putative Class and Defendant has no defenses unique to Plaintiff.

46. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

**CLAIMS FOR RELIEF**
**COUNT I:**
**Defendant's Violations of 15 U.S.C. § 1681b(f)**
**(on behalf of Plaintiff and the Members of the Putative Class)**

47. Plaintiff restates and realleges all paragraphs as though fully set forth herein.

48. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(c) and (b).

49. Defendant is a "person" as defined by 15 U.S.C. §1681a(b).

50. Plaintiff's Trans Union credit report that Defendant accessed without a permissible purpose is a "consumer report" as defined by §1681a(d)(1).

51. The FCRA prohibits any person or entity from using or obtaining a consumer credit report unless the user has a permissible purpose enumerated in the FCRA. *See* 15 U.S.C. §1681b(f).

52. Defendant violated 15 U.S.C. §1681b(f) by obtaining Plaintiff's Trans Union credit report without Plaintiff's authorization and without a permissible purpose prescribed by the FCRA.

53. As pled above, Plaintiff did not have business relationship with Defendant or otherwise authorize Defendant's credit inquiry.

54. Defendant willfully and maliciously violated §1681b(f) when it accessed Plaintiff's Trans Union credit report without a permissible purpose under the FCRA.

55. In the alternative, Defendant negligently violated §1681b(f) by accessing Plaintiff's Trans Union credit report without a permissible purpose under the FCRA.

56. As described above, Plaintiff was harmed by Defendant's conduct.

57. Upon information and belief, Defendant knowingly and systematically obtains consumer credit reports without a permissible purpose prescribed by the FCRA.

58. Upon information and belief, Defendant does not maintain policies and procedures to protect consumers' privacy interests and prevent the unlawful access of consumer credit reports.

59. Due to Defendant's conduct, Plaintiff and the Putative Class are entitled to actual damages, statutory damages, and punitive damages.

**WHEREFORE**, Plaintiff, VINCENT NEVELS, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, as follows:

A. Granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

B. Declaring that the practices complained of herein are unlawful and violate the Fair Credit Reporting Act;

C. Enjoining Defendant from accessing consumer credit reports without a permissible purpose;

D. Awarding Plaintiff and the class members actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

E. Awarding Plaintiff and the class members statutory damages of $1,000.00 for each violation of the FCRA pursuant to 15 U.S.C. §1681n;

F. Awarding Plaintiff and the class members punitive damages in an amount to be determined at trial for the underlying FCRA violations pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

G. Awarding Plaintiff his costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

H. Awarding any further relief this Honorable Court deems just and appropriate.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

DATED: April 18, 2022                    Respectfully submitted,

**VINCENT NEVELS**

By: */s/ Nicholas M. Wajda*
Nicholas M. Wajda
WAJDA LAW GROUP, APC
6167 Bristol Parkway
Suite 200
Culver City, California 90230
 (310) 997-0471
nick@wajdalawgroup.com