JEFFREY A. DOLLINGER - State Bar No. 146582
jdollinger@wpdslaw.com
KATY A. NELSON - State Bar No. 173759
knelson@wpdslaw.com
**WOOLLS PEER DOLLINGER & SCHER**
A Professional Corporation
One Wilshire Building
624 South Grand Avenue, 22nd Floor
Los Angeles, California 90017
Telephone:  (213) 629-1600
Facsimile:  (213) 629-1660

Attorneys for Defendant
SETTLEMENTONE DATA LLC, fka
SETTLEMENTONE CREDIT CORPORATION

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT NEVELS,<br><br>    Plaintiff,<br><br>  v.<br><br>SETTLMENTONE CREDIT CORPORATION,<br><br>    Defendants. | Case No.: 3:22-cv-00529-AJB-BLM<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SETTLEMENTONE'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Date:         August 18, 2022<br>Time:        2:00 pm<br>Ctrm:        4A<br><br>Filing Date:    April 18, 2022 |

Defendant SettlementOne Data LLC, formerly known as SettlementOne Credit Corporation ("SettlementOne"), by counsel, submits this Memorandum in Support of its Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## I. INTRODUCTION

Plaintiff's single-count Complaint alleges that SettlementOne violated the Fair Credit Reporting Act ("FCRA") by obtaining his consumer report on December 10, 2021 without a permissible purpose, and he seeks damages for alleged willful or negligent violation of the FCRA. Plaintiff's Complaint, however, makes only conclusory allegations that Plaintiff "did [not] authorize Defendant to access and/or obtain his Trans Union credit report" and had no business dealings with SettlementOne (Compl. ¶¶ 10-11), while at the same time alleging that SettlementOne obtained the credit report on behalf of its client Notetracker Corporate ("Notetracker"). Compl. ¶ 14. Plaintiff's Complaint fails to address the numerous other permissible purposes pursuant to which a person can obtain, and a consumer reporting agency may provide, a credit report. Finally, Plaintiff's Complaint fails to sufficiently allege the necessary element that SettlementOne lacked a reasonable belief that a permissible purpose existed to obtain and provide a credit report to its client Notetracker. For these reasons, Plaintiff's FCRA claim fails as a matter of law, and SettlementOne respectfully requests this Court dismiss his Complaint.

## II. FACTUAL ALLEGATIONS

Plaintiff's Complaint alleges that he obtained a copy of his Trans Union credit report that revealed a credit inquiry from SettlementOne. Compl. ¶¶ 8-9. Essentially, Plaintiff alleges that on or around December 10, 2021, SettlementOne obtained Plaintiff's credit report from Trans Union. Compl. ¶ 9. Plaintiff further alleges that he has never had a business relationship with Settlement One, and that he has not authorized SettlementOne to access and/or obtain his Trans Union credit report. Compl. ¶¶ 10-11.

Plaintiff's Complaint alleges that he contacted SettlementOne about the credit inquiry (Compl. ¶¶ 12-13), and that SettlementOne sent Plaintiff a letter stating that it obtained Plaintiff's Trans Union credit report on behalf of its client Notetracker.

2

Compl. ¶ 14.[1]  Plaintiff then alleges that he did not have a business relationship with Notetracker, nor did he authorize Notetracker to access and/or obtain his credit report. Compl. ¶¶ 15-16.  Plaintiff's Complaint does not allege Notetracker had no other permissible purpose to obtain a consumer report, nor does the Complaint allege that SettlementOne knew or had reason to know that Notetracker was obtaining a credit report for an impermissible purpose.

### III. LEGAL STANDARD

Pursuant to FCRP 12(b)(6), in order to survive a motion to dismiss, the "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).  Specifically, Plaintiff's claims must be dismissed if they fail to allege "enough facts to state a claim to relief that is plausible on its face" such that they have "nudged their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

In *Iqbal*, the Court established a two-step approach for determining whether a complaint may survive dismissal.  First, a district court need not accept legal conclusions as true, as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." 556 U.S. at 678 (internal citation omitted).  That is, a bare "the-defendant-unlawfully-harmed-me" allegation won't do. *Id.* (citing *Twombly,* 550 U.S. at 555).  Second, only a complaint that states

---

[1] For the Court's reference, copies of the letter Plaintiff sent to SettlementOne and SettlementOne's response are appended to the Declaration of Patty Cooper, Exhibit A.  "A court may … consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003) (citing *Van Buskirk v. CNN,* 284 F.3d 977, 980 (9th Cir. 2002); see also Wright & Miller, 5B FED. PRAC. & PROC. CIV. § 1357 (3d ed.).

a plausible claim for relief should survive a motion to dismiss, and making such a determination is a "context-specific task" requiring the court to apply its judicial experience and common sense. *Iqbal*, 556 U.S. at 679. Therefore, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are not more than conclusions, are not entitled to the assumption of the truth." *Id.*

## IV. ARGUMENT

Plaintiff's Complaint consists of a single count, charging that SettlementOne obtained his consumer report without a permissible purpose in violation Section 604(f) of the FCRA, 15 U.S.C. § 1681b(f). *See* Compl. ¶¶ 47-59. To establish a violation of Section 604(f), a plaintiff must show that (1) there was a consumer report, (2) defendant used or obtained it, and (3) defendant did so without a permissible statutory purpose, and (4) defendant was negligent or willful in so doing. *See Chyba v. Washington Mut.*, 2014 WL 12628468, at *5 (S.D. Cal. Jan. 21, 2014), *aff'd*, 671 F. App'x 426 (9th Cir. 2016); *Kertesz v. TD Auto Finance LLC*, 2014 WL 1238549, at *2 (N.D. Ohio Mar. 25, 2014). Plaintiff's FCRA claim is legally deficient because he fails to sufficiently allege that SettlementOne lacked a permissible purpose to obtain his credit report; rather the allegations of the Complaint establish the opposite – that SettlementOne obtained Plaintiff's credit report in connection with a request from its client Notetracker. *See* Compl. ¶ 14.

Essentially, Plaintiff's claims rest on an assertion that SettlementOne was not permitted to obtain and provide a consumer report to its client Notetracker. Section 604 of the FCRA, 15 U.S.C. § 1681b, enumerates a list of "permissible purposes" for which a consumer report may be furnished to a third party, like Notetracker. Relevant here, a consumer reporting agency need only have a "reason to believe" that the person requesting a consumer report intends to use the report for any one of the several "permissible purposes" under the FCRA. *Id.* § 1681b(a)(3). As Plaintiff

Woolls Peer Dollinger & Scher
A Professional Corporation
One Wilshire Building, 624 South Grand Avenue, 22nd Floor
Los Angeles, California 90017

936436.1

states in his Complaint, SettlementOne obtained Plaintiff's consumer report on behalf of its client Notetracker. Compl. ¶ 14. Plaintiff does not allege that SettlementOne knew or had reason to know that Notetracker lacked a permissible purpose, or otherwise establish facts from which it could be inferred that SettlementOne lacked "reason to believe" that Notetracker lacked a permissible purpose.[2] For these reasons, Plaintiff's Complaint fails to state a claim under the FCRA.

In his Complaint, Plaintiff merely assets that he had no "business relationship" with SettlementOne and did not "authorize" SettlementOne to obtain his credit report. Compl. ¶¶ 10-11. By its plain language, Section 604 of the FCRA, 15 U.S.C. § 1681b, does not limit access to consumer reports to instances in which the person requesting access has permission from or has a direct business relationship with the consumer. Consumer reports may be properly obtained without consumer knowledge or consent for purposes of, for instance, determining whether to modify terms of a consumer account or valuating the credit risks associated a portfolio of consumer loans. *See* 15 U.S.C. § 1681b(3).[3] Plaintiff's conclusory allegations that SettlementOne lacked one or two of several possible permissible purposes are insufficient, *cf. Nayab v. Cap. One Bank (USA), N.A.*, 942 F.3d 480, 496 (9th Cir.

---

[2] *See generally Abbink v. Experian Info. Sols., Inc.*, 2019 WL 6838705, at *3 (C.D. Cal. Sept. 20, 2019) ("[A] CRA need only show that it had 'reason to believe' that the report would be used for that purpose, and obtained appropriate certifications from its customers that the report would be used only for that purpose."); *Harris v. Database Mgmt. & Mktg., Inc.*, 609 F. Supp. 2d 509, 515 (D. Md. 2009) (observing that courts have found that a consumer reporting agency had "reason to believe" that consumer reports were being accessed for a permissible purpose when the subscriber had certified such limited usage); *Pintos v. Pac. Creditors Ass'n*, 2011 WL 1399292, at *4 (N.D. Cal. Apr. 13, 2011) (quoting FTC guidance for the proposition that "[o]nce the consumer reporting agency obtains a certification from a user … stating that it will use those reports only for specified permissible purposes …, a certification of purpose need not be furnished for each individual report obtained, provided there is no reason to believe the user may be violating its certification").

[3] As the FTC Staff explained in its report on the FCRA, "when permissible purposes other than employment exist, CRAs may furnish consumer reports without a consumer's specific permission or authorization." Fed. Trade Comm'n, *40 Years of Experience with the Fair Credit Reporting Act: An FTC Staff Report with Summary of Interpretations,* at 42 (July 2011), https://www.ftc.gov/sites/default/files/documents/reports/40-years-experience-fair-credit-reporting-act-ftc-staff-report-summary-interpretations/110720fcrareport.pdf (last accessed June 12, 2022).

2019) (reversing lower court's motion-to-dismiss grant and finding that plaintiff's factual allegations "negative *each* permissible purpose" for which defendant could have obtained her report) (emphasis added); they do not allege that no other permissible purpose existed, let alone that SettlementOne held an unreasonable belief that one existed. *See Wells v. Craig & Landreth Cars, Inc.*, 2011 WL 1542121 at *4 (W.D. Ky. April 22, 2011) (dismissing FCRA claim where plaintiff failed to allege defendants lacked reason to believe that they were inquiring into plaintiff's credit for an FCRA permissible purpose).

Even if, *arguendo*, Plaintiff had sufficiently alleged impermissible purpose, he fails to sufficiently allege the requisite culpability to establish his claim under the FCRA. The FCRA does not impose strict liability. *See Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995). Rather, liability is imposed only when there is a negligent or willful failure to comply with the statute's provisions. *See* 15 U.S.C. § 1681n; *id.* § 1681o. To allege such a failure and to survive a motion to dismiss, the plaintiff must put forth "specific facts as to the defendant's mental state" at the time the consumer report was obtained. *Abbink*, 2019 WL 6838705, at *5 (internal citations and quotation marks omitted). Here, Plaintiff makes only bare-bones assertions that SettlementOne "willfully" or "negligently" violated the Section 604(f) of the FCRA (Compl. ¶ 54-55) and offers no factual allegations concerning SettlementOne's state of mind or knowledge regarding any impermissible use of Plaintiff's consumer report. Such is insufficient to show any level of culpability. *See, e.g., Abbink*, 2019 WL 6838705, at *5 (providing that a claim made "in conclusory fashion," amounting to nothing but "a formulaic recitation of the elements of a cause of action" is insufficient to support a willfulness claim) (citing *Braun v. Client Servs. Inc.*, 14 F. Supp. 3d 391, 398 (S.D.N.Y. 2014); *Mnatsakanyan v. Goldsmith & Hull APC*, 2013 WL 10155707, at *7 (C.D. Cal. May 14, 2013) (dismissing plaintiff's willfulness claim because the complaint did "not allege that [defendant] knew it

lacked a permissible reason for making a credit inquiry at the time it inquired").

Plaintiff also seemingly makes a gesture towards a "false pretenses" claim. The FCRA imposes liability for any person who obtains a consumer report under "false pretenses or knowingly without a permissible purpose." 15 U.S.C. § 1681n(b). Courts have recognized that an element of a false pretenses claim is the absence of a permissible purpose to obtain the plaintiff's credit report. *See, e.g., Zamora v. Valley Fed. Sav. & Loan Ass'n of Grand Junction*, 811 F.2d 1368, 1370 (10th Cir. 1987). Following the pattern of the rest of his Complaint, Plaintiff here offers up no supporting facts, only conclusory assertions that "[u]pon information and belief" – without setting forth the alleged facts that support this belief – that SettlementOne "falsely represented" to TransUnion that it was authorized to obtain Plaintiff's credit report (Compl. ¶ 20) and therefore obtained Plaintiff's credit information "under false pretenses" (Compl. ¶ 21). Notwithstanding the insufficiency of such conclusory allegations, as discussed earlier, Plaintiff has not sufficiently alleged an element essential to this claim, that SettlementOne was entirely without a permissible purpose.

## V.     CONCLUSION

For the foregoing reasons, SettlementOne respectfully requests that the Court grant its motion to dismiss Plaintiff's Complaint.

DATED: June 13, 2022                     WOOLLS PEER DOLLINGER & SCHER
                                         A Professional Corporation


                                          /s/ Katy A. Nelson
                                         JEFFREY A. DOLLINGER
                                         KATY A. NELSON
                                         Attorneys for Defendant
                                         SETTLEMENTONE DATA LLC, fka
                                         SETTLEMENTONE CREDIT
                                         CORPORATION

7

CASE NO.: 3:22-CV-00529-AJB-BLM
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SETTLEMENTONE'S MOTION TO DISMISS

936436.1